FRANK W. MILLER, Respondent, *v.* THE UNION SWITCH AND
SIGNAL COMPANY, Appellant.

(Argued January 26, 1892, decided March 15, 1892.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
April 9, 1890, which overruled defendant's exceptions and
ordered judgment for plaintiff on a verdict directed by the
court.

The plaintiff, as assignee of Charles R. Johnson, brought
this action to recover $1,625 alleged to have become due and
payable to said Johnson under a written contract between
him and the defendant, executed September 20, 1886, whereby
it was agreed in substance (1) that Johnson should become the
general manager of the defendant; (2) defendant to pay him
a salary of $4,500 per year; (3) he should sell to the defend-
ant the exclusive right to use all his inventions relating to the
signal business, and also the right to use the inventions of
Henry Johnson relating to signal switches then or thereafter
acquired by Charles R. Johnson, and (4) defendant to pay him
$3,000 per year therefor; (5) employ Henry Johnson as man-
ager of its works at $4,000 per year; (6) defendant also to
pay Charles R. Johnson, in addition to the above, ten per cent
net profits of the company.

The contract further provided as follows:

" Seventh. It is mutually agreed that this contract shall
continue for a period of ten years, subject to termination by
either party, however, by one year's notice (in writing) to the
other party at any time after the second year, or by the death
of Charles R. Johnson, or by his permanent inability to per-
form his duties as general manager."

" Eighth. It is further mutually covenanted and agreed that
in the event of the termination of this agreement, the said
company, by reason of the expenditures that shall have been
made during the continuance of this agreement, shall have a
license, not exclusive, to use all the inventions that may have
been used in carrying on the business of the company, on the
payment of sixty-five hundred dollars per year, said sum to

be paid quarterly; and shall be entitled to purchase from the said Charles R. Johnson, or his executors, the exclusive right to use all of the inventions upon as favorable terms as he or his executors may be willing to grant to any other parties."

"Ninth. This agreement to take effect from June 1, 1886, so far as the management of the business is concerned, but to take effect so far as the payments are concerned July 1, 1886; all accounts and expenses and all details with reference to the past business of the company to be adjusted during the month of June."

The complaint alleges "that the contract continued in existence and was acted upon by both parties thereto, and the said Charles R. Johnson continued under said contract to be general manager of the defendant company down to the 1st day of March, 1888, when the said contract was terminated by the said defendant company, and the said Charles R. Johnson was notified by the defendant to that effect, and that his services would be no longer accepted by the said defendant after the 1st of March, 1888."

"That under said contract the defendant had used and was on the 1st day of March, 1888, still using and has since that time continued to use, certain appliances invented by said Charles R. Johnson, and for which he held letters patent, and certain other inventions and appliances invented by Henry Johnson, but held and controlled by said Charles R. Johnson, which were referred to in said contract," and further alleges that there was due to Charles R. Johnson, on September 1, 1888, to be paid him by defendant as royalties under the contract, $1,625, for the quarter ending that day, and specifies the particular inventions referred to in the contract.

The answer admits the making of the contract and "it admits that on March 1, 1888, it dismissed Charles R. Johnson from its employ," denies its use of his inventions after that date, and also those of Henry Johnson.

The following is the opinion in full:

"The theory of the plaintiff's action is that the contract between Charles R. Johnson and defendant was terminated March 1, 1888; that thereafter the defendant continued the use of his inventions and those of Henry Johnson, and thus

MEMORANDA OF

by the terms of the eighth provision of the contract became indebted to Charles R. Johnson in the sum of $1,625 for the quarter ending September 1, 1888.

" The defendant's contention is that the dismissal of Charles R. Johnson from its employment was a mere breach of the contract and not the termination of it provided for in its seventh clause and, therefore, the eighth clause of the contract was not brought into operation.

" This construction of the contract has recently been upheld by this court in an action for another installment of royalties under the contract brought by Charles R. Johnson against this defendant. (*Johnson* v. *Union S. & S. Co.*, 129 N. Y. 653.)

" This construction of the contract requires a reversal of the judgment, unless such a termination of the contract as brings its eighth clause into operation is admitted upon the pleadings. The General Term held that it was admitted. In construing the pleadings it is proper to notice the construction given them by the trial court in this respect.

" The allegation of the complaint is that ' the said contract was terminated by said company, and the said Charles R. Johnson was notified by the defendant to that effect and that his services would be no longer accepted by the said defendant after said 1st day of March, 1888.'

" The answer contained no denial of these allegations, but contained this allegation : ' It admits that on March 1, 1888, the defendant dismissed Charles R. Johnson from its employ.'

" Upon the trial the plaintiff's counsel contended that the pleadings admitted the termination of the contract. The defendant's counsel contended that only the termination of employment was admitted. After considerable discussion the defendant's counsel remarked that if there was any doubt as to his construction of the pleadings he would move to amend at once. The plaintiff's counsel was heard upon the motion to amend. The court disposed of the motion by this remark : ' There is nothing in this case or in the pleadings that prevents your alleging here that whatever termination there was, was not the termination provided for by covenant eight of the contract.' Defendant's counsel then said : ' I only asked for the

amendment upon the assumption that there might be some other contention made.'

"There was no question, apart from the allegation in the complaint, that ' the said contract was terminated by said company,' but that the dismissal of Mr. Johnson was what effected the alleged termination.

"The complaint apparently alleges that the termination of the contract was thus effected. The plaintiff proved upon the trial the summary and peremptory manner in which he was dismissed.

"The trial court, therefore, adopted no forced or strained construction of the pleadings when it held, as it in effect did, that there was nothing in them to preclude the defendant from insisting that the actual termination was not the one contemplated by the contract. Except for such a construction of the pleadings justice would seem to indicate that defendant's motion to amend the answer would have been granted.

"With that construction no amendment was needed.

"The defendant was permitted to insist upon the defense which the evidence disclosed. It would be unjust now upon appeal to deprive the defendant of that defense, by receding from the construction of the pleadings adopted and accepted upon the trial and giving them a contrary construction. Especially is this so in view of the fact that the termination of the contract alleged in the complaint is as consistent with a termination which does not call the eighth clause of the contract into operation, as with the termination which does; and, therefore, the admission in the answer may be true without conceding the proposition upon which the plaintiff's right to recover rests.

"The judgment should be reversed and a new trial granted, with costs to abide the event."

*John W. Houston* for appellant.

*George W. Miller* for respondent.

LANDON, J., reads for reversal.
All concur.
Judgment reversed.